IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00496-BNB

DENNIS WAYNE PAULS,

    Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS,
COLORADO DEPARTMENT OF PAROLE.
SAM LEAL, Parole Officer, and
PAROLE OFFICE, Gallepagos Street, Englewood,

    Defendants.

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

    Plaintiff, Dennis Wayne Pauls, initiated this action by filing *pro se* a Complaint pursuant to 42 U.S.C. § 1983 alleging that his civil rights were violated in connection with the revocation of his parole in February 2010. Mr. Pauls currently resides in Florida and no longer is incarcerated as a result of the parole revocation. As relief he seeks damages and expungement of the parole violation from his criminal record.

    The Court must construe the Complaint liberally because Mr. Pauls is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate

for a *pro se* litigant. *See id.* For the reasons discussed below, Mr. Pauls will be ordered to file an amended complaint if he wishes to pursue his claims in this action.

The Court has reviewed the Complaint and finds that it is deficient for several reasons. First, it is not clear exactly who Mr. Pauls intends to sue. Although he lists four Defendants in the caption of the Complaint, he lists only two Defendants--the Colorado Department of Corrections and Sam Leal--in the section of the Complaint that describes the parties to the action. (*See* ECF No. 1 at 2.) Each named Defendant must be included in the section of the court-approved Complaint form titled "Parties," and Mr. Pauls must provide an address for each named Defendant. Furthermore, it is not clear who or what the Defendant identified as "Parole Office" is.

The court also finds that the Complaint is deficient because the Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that

"[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. Pauls alleges in the Complaint that he was charged with a parole violation in February 2010 for failing to submit to a drug and alcohol urinalysis in December 2009. He further alleges that he was found guilty of the charge following a parole hearing at the Arapahoe County Detention Facility; his parole was revoked; and he was returned to the custody of the Colorado Department of Corrections to serve the remainder of his sentence. Mr. Pauls asserts that he was falsely imprisoned as a result of the revocation of his parole because he had complied with all urinalysis requirements throughout the eighteen months of his parole and the parole violation charge was a deliberate falsification of the records in his parole file. He further asserts that he was unable to present a defense at his parole hearing because he had no notice of the charge until he appeared before the parole board.

It appears that Mr. Pauls is asserting a due process claim challenging the revocation of his parole. However, it is not clear exactly who the due process claim is being asserted against or what each named Defendant did that allegedly violated his constitutional rights. For example, it is not clear how the allegedly unconstitutional revocation of parole implicates the Colorado Department of Corrections in any way. It also is not clear what relief Mr. Pauls may be seeking from the Colorado Department of Corrections or the Defendants named as Colorado Department of Parole and Parole Office, all of which appear to be state agencies, that is not barred by Eleventh Amendment immunity. *See Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1195-96

(10th Cir. 1998); *Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988).

For all of these reasons, Mr. Pauls will be ordered to file an amended complaint that clarifies who he is suing and that includes a short and plain statement of each claim he is asserting. In order to state a claim in federal court, Mr. Pauls "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Section 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999); *see also Wyatt v. Cole*, 504 U.S. 158, 161 (1992) ("[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails."). Therefore, Mr. Pauls should name as Defendants in his amended complaint only those persons that he contends actually violated his federal constitutional rights. Accordingly, it is

ORDERED that Mr. Pauls file, **within thirty (30) days from the date of this order**, an amended Prisoner Complaint that complies with the pleading requirements of Fed. R. Civ. P. 8(a) as discussed in this order. It is

FURTHER ORDERED that Mr. Pauls shall obtain the court-approved Prisoner

4

<mark><mark><mark></mark></mark></mark>

Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Pauls fails to file an amended Prisoner Complaint that complies with this order within the time allowed, the action will be dismissed without further notice.

DATED March 5, 2012, at Denver, Colorado.

                                    BY THE COURT:

                                    s/ Boyd N. Boland
                                    United States Magistrate Judge